The Honorable Jim Guy Tucker Governor, State of Arkansas Office of the Governor State Capitol Little Rock, AR 72201
Dear Governor Tucker:
This is in response to your request for an opinion on behalf of Mrs. B.J. Griffith regarding the East Arkansas Regional Solid Waste Management District ("District"). You have attached to your request a letter from Mrs. Griffith which sets forth several questions concerning the District. Mrs. Griffith states that a solid waste management plan ("plan") for the District has been approved by the Arkansas Department of Pollution Control and Ecology ("Department"). Her specific questions are as follows:
 1. Is the district bound legally to follow the laws they implemented? If they do not, what will happen? Who will enforce their plan?
 2. Since we are the only Materials Recovery Facility (MRF) in this district, is the district obligated to bring their garbage to us for recycling? If bins or curb side recycling is put into effect, would the district bring those recyclables to us to market for them?
With regard to the first part of the first question, it seems clear that as to those aspects of the plan which implement requirements under state law, the answer is "yes." It should also be noted that the District, through its solid waste management board ("board"), is vested with specific statutory powers and duties that may not be addressed in the plan. See Chapter 6 of Title 8 of the Arkansas Code. These laws must, of course, also be followed.
In response to the second part of this question, I cannot in the context of an Attorney General opinion surmise what will happen if the board does not meet its statutory obligations. The relevant statutes do not expressly address such a scenario, other than to vest the Department and the Arkansas Pollution Control and Ecology Commission ("Commission") with authority to prescribe certain regulations and procedures in this area. See, e.g.,
A.C.A. §§ 8-6-610 (Supp. 1991) (regarding grants under the Solid Waste Management and Recycling Fund Act), 8-6-708 (Supp. 1991) (regarding the requirements, generally, of subchapter 7 of Chapter 6 of Title 8) and 8-6-720 (Supp. 1991) (regarding the adequacy of recycling centers and materials recovery facilities).
With regard to enforcement, as noted above, the Commission and/or the Department (depending upon the particular requirement in question) has certain regulatory authority in areas presumably addressed in the plan. Not having reviewed the District's plan, I cannot state which regulatory authority may be implicated. The statutes do not vest any entity with authority to enforce the plan as a whole. It is obviously contemplated that the plan will be implemented by the Board. With regard, however, to those provisions in the plan that address requirements imposed by the General Assembly under Chapter 6 of Title 8 of the Code, consideration should be given to the regulatory authority of the Commission and the Department.
In response to Mrs. Griffith's second question, while the law clearly reflects legislative intent to encourage and promote recycling, I cannot conclude that the District is required to take its waste to a particular facility. The board is required, beginning July 1, 1992, to ensure that its residents have an "opportunity to recycle," meaning "availability of curb side pick-up or collection centers for recyclable materials at sites that are convenient for persons to use." A.C.A. § 8-6-720(a)(1) (Supp. 1991). (See A.C.A. § 8-6-702(10) (Supp. 1991) for definition of "recyclable materials collection center" or "collection center.") And beginning July 1, 1993, at least one recyclable materials collection center must be available in each county of a district unless the Commission grants an exemption. A.C.A. § 8-6-720(a)(2). The board must determine the adequacy of existing and proposed recycling centers and materials recovery facilities and it must give "due consideration" to existing facilities in ensuring the "opportunity to recycle." A.C.A. §8-6-720(a)(3). The board is also "encouraged to use, to the extent practicable, persons engaged in the business of recycling on March 26, 1991. . . ." Id.
These provisions clearly obligate the board to make a determination with regard to the adequacy of recycling facilities, and reference should be made to the Department's regulation in this regard. See A.C.A. § 8-6-720(b) (Supp. 1991) (requiring the Department to "determine by regulation the adequacy of the facilities. . . .") They do not, however, require the use of a particular facility. While a conclusive response to the first part of this second question may, as a practical matter, require a factual review, it is my opinion that the answer is, generally, "no."
With regard to the second part of this question, reference must be made to A.C.A. § 8-6-720(d) (Supp. 1991), which states:
 Each board should ensure alone or in conjunction with other boards that materials separated for recycling are taken to markets for sale or to materials recovery facilities.
Because the above provision does not appear to be a mandate, I cannot conclude that the District would necessarily bring the recyclable materials to the materials recovery facility.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh